```
              IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                    *
THE TRAVELERS INDEMNITY
COMPANY OF AMERICA                  *

     Plaintiff,                     *
                                             CIVIL NO.: WDQ-05-2644
     v.                             *

FOUNDATIONS UNLIMITED, et al.       *
     Defendants.
                                    *

*    *    *    *    *    *    *    *    *    *    *    *    *    *
```

Memorandum Opinion

The Travelers Indemnity Company of America ("Travelers") has sued Foundations Unlimited Incorporated ("Foundations"), Tower-Dawson, LLC ("Tower"), Colony Insurance Company ("Colony") and Donegal Group, Incorporated ("Donegal") for a declaratory judgment that it has no liability under insurance policies it sold to Foundations. Colony and Donegal have counterclaimed against Travelers and cross-claimed against Foundations, Tower and each other for declaratory judgments of their own liabilities. Tower has counterclaimed against Travelers and cross-claimed against Colony and Donegal for a declaratory judgment that the insurance companies have a duty to indemnify Foundations.

Currently pending is: 1) Foundations' motion to withdraw the appearance of Ronald Davis; 2) Travelers' motion to amend its Complaint; and 3) Travelers', Tower's, Colony's and Donegal's

1

motions for summary judgment.

For the following reasons, Foundations' motion to withdraw the appearance of Ronald Davis and Travelers' motion to amend its complaint will be granted.  Travelers', Colony's, Donegal's and Tower's motions for summary judgment will be denied.

I.  Background

In August 1995, Tower contracted Foundations to construct a 770-foot retaining wall at a property Tower was developing in Rockville, Maryland.  Compl., ¶ 30.  The wall was completed in 1996.  Tower's Cross-Motion for Summary Judgment, p. 1.  In 2001, the homeowners association notified Tower that the wall was bulging and leaning and in 2003 a 70-foot section of the wall collapsed.  Compl., ¶ 14-15, Tower's Cross-Motion for Summary Judgment, p. 1-2.  According to Tower, the failure of the wall created soil fissures, destroyed landscaping and damaged fencing and decks within the housing development.  Tower's Cross-Motion for Summary Judgment, p. 1-2.  Tower contends that the collapse of the wall also damaged an adjacent, federally protected wetlands.  *Id* at p. 1.

In order to prevent further damage, Tower stabilized the area by installing wood and gravel bracing.  *Id* at 7.  Given the wall's location, Tower was forced to access the site through the wetlands, requiring permitting, the building of an access road

and the removal of trees. *Id* at 7-8. Once the slope was stabilized, Tower installed a second retaining wall, repaired the homeowners' lawns, landscaping, and fencing and remediated the wetlands. *Id.*

In August 2003, Tower instituted arbitration proceedings against Foundations to recover the costs of replacing the wall and restoring the wetlands (the "Underlying Arbitration").[1] Compl., ¶ 17. In August 2005, the arbitration panel awarded Tower $2,015,603 in damages. Compl. ¶ 20. To date, that award has not been paid.

Travelers, Colony and Donegal, provided Foundations with commercial general liability ("CGL") insurance between 1995 and 2003[2]. Each of the policies used a standard Insurance Services Office ("ISO") form and contained identical language. Under the policies, Foundations was provided coverage for "property damage" caused by an "occurrence" during the policy period.[3] CGL Policies

---

[1] According to Travelers' Tower claimed $881,959 in damages for the cost of replacing the wall and $1,209,384 for repairs to the wetlands. Compl. ¶ 17.

[2] Travelers provided coverage from August 28, 1995 to August 28, 2000; Colony provided coverage from August 28, 2000 to August 18, 2001; and Donegal provided coverage from August 28, 2001 to August 28, 2003.

[3] The policies define "property damage" as "physical injury to tangible property." CGL Policies 1995-2003*,* § V(15). An "occurrence" under the policy is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id* at § V(12).

3

1995-2003, § I(A)(1)(b).  The policies excluded coverage for "property damage" to Foundations' work (the "your work" exclusion).[4]  *Id* at § I(A)(2)(l).

The insurance companies seek declaratory judgments that they have no duty to indemnify Foundations for the arbitration award.  Tower has counterclaimed and cross-claimed for a declaration that the insurance companies are obligated to indemnify.

Traveler has moved to amend its complaint; Foundation's counsel has moved to withdraw appearance.  Travelers, Tower, Colony and Donegal have all moved for summary judgment on their claims.

I.  Travelers' Motion to Amend its Complaint

Traveler has moved to amend its Complaint to add Nicholas White, the owner and President of Foundations, as a Defendant.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleadings only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Motions for leave to file an amended complaint are to be liberally granted in the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to

---

[4] "Your work" is defined as work or operations performed by you or on your behalf.  CGL Policies 1995-2000, § V(19).

the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Harless v. CSX Hotels,* 389 F.3d 444 (4th Cir. 2004).

As Travelers' motion is unopposed and there is no indication of delay, bad faith or futility, the motion will be granted.

II.  Counsel's Motion to Withdraw Appearance

Foundations has moved to withdraw the appearance of Ronald Davis, Esq. and Ronald Davis, P.A., pursuant to Local Rule 101(2)(b).

According to Local Rule 101(2)(b):

> appearance of counsel may be withdrawn only with leave of Court and if...withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that the written notice has been mailed to or otherwise served upon the client at least five days previously advising the client of counsel's proposed withdrawal and notifying it that it must have new counsel enter an appearance.

Local Rule 101(2)(b).

On February 10, 2006, Mr. Davis was informed that Foundations had retained bankruptcy counsel and that his service as counsel was terminated. On the same day Mr. Davis served written notice to Nicholas White, President of Foundations, that he intended to withdraw his appearance and advised Mr. White that he would need to have another attorney enter his appearance on behalf of the corporation. Mr. Davis filed his motion to withdraw his appearance on March 23, 2006.

5

As Mr. Davis provided notice of his intent to withdraw his appearance more than five days prior to filing his motion to withdraw, the motion will be granted.

III. Travelers' Motion for Summary Judgment

Travelers has sued for declaratory judgment that it has no obligation to indemnify Foundations because: 1) the failure of the retaining wall was not an "occurrence" that resulted in "property damage" (Count I); 2) coverage is barred by the "your work" exclusion (Count II); and 3) the "property damage" did not occur during the policy period (Count III). Travelers has moved for summary judgment on its complaint.

Tower has opposed Travelers' motion arguing that the damage caused by the collapse of the wall was an "occurrence" that occurred within the policy period and that the "your work" exclusion does not bar damage to property other than the retaining wall.

A. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A dispute about a material fact is genuine "if the

6

evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id* at 249.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, the opposing party must produce evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

Under Rule 56 a party is not entitled to summary judgment if the judgment would not be dispositive of an entire claim.  *See Felix v. Sun Microsystems,* 2004 WL 911303, slip. op. (D.Md. 2004) *and cases cited therein*.

B.   "Property Damage" as a Result of an "Occurrence"

Travelers argues that the failure of the retaining wall was

7

not an "occurrence" that caused "property damage" because the alleged damage was the result of Foundation's defective performance. Tower argues that damage to property other than the retaining wall was an "occurrence" and therefore is covered by the CGL policies.

The CGL policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." CGL Coverage Forms 1995-2003, § V(12). In the context of a CGL policy, Maryland courts have held that an "accident" is a negligent act that causes damages unforeseen or unexpected by the insured. *French v. Assurance Company of America,* 2006 WL 1099471, slip op. (2006); *Sheets v. Brethren Mutual Insurance Co.,* 342 Md. 634 (1996); *Lerner Corporation v. Assurance Company of America,* 120 Md.App. 525 (Md. Ct. of Spec. App. 1997).

Damages that "relate to the satisfaction of the contractual bargain...are not unforeseen." *Lords Landing Village Condominium Council of Unit Owners v. Continental Insurance Company,* 191 F.3d 448, *3, slip op. (4th Cir. 1999); *see also French,* 2006 WL 1099471; *Lerner,* 120 Md.App. 525. Therefore, the cost to repair or replace the insured's defective work product is not an "occurrence" and, therefore, is not covered under a CGL policy.

Intentional damage to a third party's property caused by the repairs to an insured's defective work product is, likewise, not

8

unforeseen and, therefore, is not an "occurrence."  *See e.g. Woodfin Equities Corp. v Harford Mutual Insurance Company,* 110 Md. App. 616 (Md. Ct. Spec. App. 1996) *reversed on other grounds* 344 Md. 399 (1997)(costs incurred to pull up carpets and break through drywall to repair defective HVAC units was not "property damage" or an "occurrence" covered by the HVAC installer's CGL policy); *Onebeacon Insurance v. MetroReady-Mix, Inc.* 427 F.Supp.2d 574 (D.Md. 2006)(costs incurred in the demolition and reconstruction of concrete columns to repair defective grout not covered by grout installer's CGL policy).

A CGL policy does cover unexpected damages to a third party's property caused by the work product of the insured. *French,* 2006 WL 1099471; *Lerner,* 120 Md.App. 525.  As well, costs incurred to prevent imminent or further damage to a third party's property are potentially a component of "property damage" and, therefore, may be covered.  *Aetna Insurance Company v. Aaron,* 112 Md. App. 472, 486 (Md. Ct. Spec. App. 1996)(repairs to prevent further damage to a third party's property held to be a component of property damage to a third party under a homeowner's insurance policy).

Tower argues that Foundations' negligence resulted in the collapse of the wall; soil erosion in the homeowners' backyards; damage to their fencing and landscaping; and damage to the wetlands.  As noted above, whether the damage is covered by the

9

CGL policies depends on the nature of the damage.

Damage to the wetlands and the homeowners' backyards, fencing and landscaping directly caused by the collapse of the wall constitutes damage to third parties' property. As there is no evidence that the damage was intended or expected by Foundations, that damage was an "occurrence" and would be covered under the policies. As costs incurred to prevent further damage to a third party's property are also "property damage", the cost of stabilizing the wall prior to its replacement to prevent a further damage to the homeowners' yards and the wetlands (i.e. the installation of a wooden frame and gravel pile) would be covered.

The CGL policies do not, however, cover damage to Foundations' defective work product. Accordingly, the cost of the replacement retaining wall would not be covered. In addition, as intentional damages incurred to repair the insured's work product is not an "occurrence", damage to the wetlands brought about by Tower's replacement of the retaining wall would not be covered.

C. The "Your Work Exclusion"

Travelers' policies exclude coverage for "'property damage' to 'your work' arising out of it or any part of it." CGL Policies 1995-2003, § I(A)(1)(l). Travelers argues that this

10

exclusion bars coverage for damages to the retaining wall.  Tower does not dispute that the exclusion bars coverage for damage to the retaining wall but contends that it does not bar coverage to other property.

According to Maryland case law, the "your work" exclusion removes coverage for "the repair or replacement of the policyholder's own defective work or defective product."  *Century I Joint Venture v. U.S. Fidelity & Guar. Co.,* 63 Md.App. 545, 553 (Md. Ct. Spec. App. 1985).  However, the exclusion does not bar coverage for "damages to other property or for other accidental loss caused by the defective product or defective work."  *Id.*  Accordingly, the "your work" exclusion bars coverage only for damage to the retaining wall itself, not damages caused to third parties' property.

D.  Damages Outside the Policy Period

As noted above, the Travelers policies provided coverage to Foundations from August 28, 1995 to August 28, 2000.  Travelers argues it has no duty to indemnify Foundations because the damages to the wall and the wetlands occurred outside the policy periods.  Tower argues that the wall began to fail between in 1998 and 1999 and, therefore, the policies were triggered even though the damage was not detected until 2001.

Under the Travelers policies, coverage is provided for

11

"property damage" only if the damage "occurs during the policy period." According to Maryland case law, coverage is triggered when the damage occurs rather than when the damage is discovered. *Mayor and City Council of Baltimore v. Utica Mutual Insurance Co.,* 145 Md.App. 256, 302-303 (Md. Ct. Spec. App. 2002); *Harford County v. Harford County Mutual Insurance Co.,* 327 Md. 418 (1992). When the damage is continuous rather than episodic, however, the trigger of coverage may be continuous. *Utica Mutual Insurance Co.,* 145 Md.App. 256.

Although visible soil movement, damage to fencing, decks and landscaping and the collapse of the wall didn't occur until years after the wall was completed, Tower has offered evidence that the damage to the wall and the homeowners backyards probably began in 1996 and continued until 2003. Omelchenko Decl., ¶ 6. Accordingly, coverage for damage to the wall and the homeowners' yards was triggered while the Travelers' policies were in effect.

In contrast, the wetlands were damaged only when the wall collapsed in 2003. Therefore, the damage to the wetlands was episodic, rather than continuous, and did not occur until after the end of the last Travelers policy. Accordingly, the damage to the wetlands occurred outside the policy period of the Travelers policies.

12

E.   Conclusion

Travelers' complaint seeks a declaratory judgment that it has no duty to indemnify Foundations for any damage arising from the failure of the retaining wall.  For the reasons stated above, its motion for summary judgment on its complaint will be denied.

IV.  Colony's Motion for Summary Judgment

Colony provided CGL coverage to Foundations under a policy identical to the Travelers policies from August 28, 2000 to August 18, 2001.  It has also sued for a declaratory judgment that it has no duty to indemnify Foundations because: 1) the failure of the retaining wall was not an "occurrence" that resulted in "property damage" (Count I); 2) coverage is barred by the "your work" exclusion (Count II); and 3) the "property damage" did not occur during the policy period (Count III).  Colony has moved for summary judgment on its complaint.

For the reasons stated above Colony's motion for summary judgment will be denied.

V.   Donegal's Motion for Summary Judgment

Donegal provided CGL coverage to Foundations between August 28, 2001 and August 28, 2003, under policies with language identical to the Travelers policies.  Donegal also seeks a declaratory judgment that it has no duty to indemnify Foundations

because: 1) the failure of the retaining wall was not an "occurrence" that resulted in "property damage" (Count I); 2) coverage is barred by the "your work" exclusion (Count II); and 3) the "property damage" did not occur during the policy period (Count III).  Donegal has moved for summary judgment on its claim.

For the reasons stated above Donegal's motion for summary judgment will be denied.


VI.   Tower's Motion for Summary Judgment

Tower has counterclaimed for a declaratory judgment that: 1) Travelers, Donegal and Colony have a duty to indemnify Foundations; 2) Tower has a valid and enforceable judgment against Foundations for $2,015,603; and 3) Tower will be granted judgment against the insurance companies for $2,015,603 plus interest.  Tower has moved for summary judgment on its counterclaim.

As noted above, the insurance companies are not obligated to indemnify Foundations for the cost of replacing the retaining wall or for the damages to the wetlands incurred when Tower replaced the wall.  Accordingly, Tower's motion for summary judgment will be denied.

VII.  Conclusion

For the reasons stated above Foundations' motion to withdraw the appearance of Ronald Davis and Travelers' motion to amend its complaint will granted.  Travelers', Colony's, Donegal's and Tower's motions for summary judgment will be denied.


<u>7/6/06</u>                                      <u>          /s/                </u>
Date                                      William D. Quarles, Jr.
                                          United States District Judge