```
             IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                   *
THE TRAVELERS INDEMNITY
COMPANY OF AMERICA                 *

     Plaintiff,                    *
                                         CIVIL NO.: WDQ-05-2644
     v.                            *

FOUNDATIONS UNLIMITED, et al.      *
     Defendants.
                                   *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

Memorandum Opinion

The Travelers Indemnity Company of America ("Travelers") has sued Foundations Unlimited Incorporated ("Foundations"), Tower-Dawson, LLC ("Tower"), Colony Insurance Company ("Colony") and Donegal Group, Incorporated ("Donegal") for a declaratory judgment that it has no liability under insurance policies it sold to Foundations. Colony and Donegal have counterclaimed against Travelers and cross-claimed against Foundations, Tower and each other for declaratory judgments on their own liabilities. Tower has counterclaimed against Travelers and cross-claimed against Colony and Donegal for a declaratory judgment that the insurance companies have a duty to indemnify Foundations.

On July 6, 2006, the Court denied Travelers', Colony's, Donegal's and Tower's cross motions for summary judgment. Pending is Tower's motion for reconsideration or in the

alternative, to allow for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  For the following reasons the motions will be denied.

I.  Background

In August 1995, Tower contracted Foundations to construct a 770-foot retaining wall at a property Tower was developing in Rockville, Maryland.  Compl., ¶ 30.  The wall was completed in 1996.  Tower's Cross-Motion for Summary Judgment, p. 1.  In 2001, the homeowners association notified Tower that the wall was bulging and leaning and in 2003 a 70-foot section of the wall collapsed.  Compl., ¶ 14-15, Tower's Cross-Motion for Summary Judgment, p. 1-2.  According to Tower, the failure of the wall created soil fissures, destroyed landscaping and damaged fencing and decks within the housing development.  Tower's Cross-Motion for Summary Judgment, p. 1-2.  Tower contends that the collapse of the wall also damaged adjacent, federally protected wetlands.  *Id* at p. 1.

In order to prevent further damage, Tower stabilized the area by installing wood and gravel bracing.  *Id* at 7.  Given the wall's location, Tower was forced to access the site through the wetlands, requiring permitting, the building of an access road and the removal of trees.  *Id* at 7-8.  Once the slope was stabilized, Tower installed a second retaining wall, repaired the

homeowners' lawns, landscaping, and fencing and remediated the wetlands. *Id.*

In August 2003, Tower instituted arbitration proceedings against Foundations to recover the costs of replacing the wall and restoring the wetlands (the "Underlying Arbitration").[1] Compl., ¶ 17.  In August 2005, the arbitration panel awarded Tower $2,015,603 in damages.  Compl. ¶ 20.  To date, that award has not been paid.

Travelers, Colony and Donegal, provided Foundations with commercial general liability ("CGL") insurance between 1995 and 2003[2].  The insurance companies have sued seeking declaratory judgments that they have no duty to indemnify Foundations for the arbitration award.  Tower has counterclaimed and cross-claimed for a declaration that the insurance companies are obligated to indemnify Tower for the full amount of the arbitration award.

The parties cross-moved for summary judgment, but on July 6, 2006, the Court denied the motions, holding that the insurance companies have a duty to indemnify Tower for damage to the wetlands and the homeowners' backyards, fencing and landscaping

---

[1] According to Travelers' Tower claimed $881,959 in damages for the cost of replacing the wall and $1,209,384 for repairs to the wetlands.  Compl. ¶ 17.

[2] Travelers provided coverage from August 28, 1995 to August 28, 2000; Colony provided coverage from August 28, 2000 to August 18, 2001; and Donegal provided coverage from August 28, 2001 to August 28, 2003.

directly caused by the collapse of the wall and costs incurred to prevent further damage to the wetlands and homeowners' property. The Court held that the insurance companies are not obligated to indemnify Tower for the cost of the replacement retaining wall or intentional damages incurred to replace the wall.  Tower's motion for reconsideration followed.

II.  Motion for Reconsideration

Under Federal Rule of Civil Procedure 59(e), a court may grant a motion for reconsideration to: 1) accommodate an intervening change in controlling law; 2) account for new evidence previously unavailable; or 3) correct a clear error of law or prevent manifest injustice.  *Bogart v. Chapell,* 396 F.3d 548 (4th Cir. 2005).

Tower has moved for reconsideration of the Court's order arguing that: 1) the replacement wall was intended to prevent further damage to third parties' property and, therefore, should be covered under the CGL policies; 2) damage to the wetlands was incurred to prevent further damage to third-parties' property and, therefore, should be covered; and 3) the damage to the wetlands caused by the collapse of the wall was a continuous, rather than episodic, injury and, therefore, should be covered by the Travelers policy.  Travelers and Colony have opposed the motion.

4

A. Cost to Replace the Retaining Wall

As Tower concedes, damages that "relate to the satisfaction of the contractual bargain...are not unforeseen" and, therefore, are not covered under a CGL policy. *Lords Landing Village Condominium Council of Unit Owners v. Continental Insurance Company*, 191 F.3d 448, *3, slip op. (4th Cir. 1999); *see also French*, 2006 WL 1099471; *Lerner*, 120 Md.App. 525. As a result, the cost of the replacement retaining wall (as distinct from the emergency bracing used to stabilize the area) would not be covered under the CGL policies at issue. That the second retaining wall has the effect of protecting third parties' property does not obviate the fact that the wall is a replacement for the insured's defective work product. For the same reasons, damage to the wetlands incurred while erecting the second retaining wall cannot be considered a cost to prevent further third party damage.

B. Damage Caused by the Collapse of the Retaining Wall

Tower's arguments notwithstanding, the evidence offered by the parties clearly shows that the damage to the wetlands directly caused by the collapse of the wall occurred on the day the wall collapsed. Therefore, the injury was episodic, rather than continuous and occurred outside of the coverage period of the Travelers policy.

C.  Conclusion

    For the reasons stated above, there clearly remain genuine issues of fact as to the extent of the insurance companies' liability.  Accordingly, the Court finds no clear error of law in the July 6, 2006, order or that the order works a manifest injustice.  Accordingly, Tower's motion for reconsideration will be denied.


III.  Motion to Allow an Interlocutory Appeal

    Tower has requested, in the alternative, that the Court allow an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

    Section 1292(b) provides that a district court can allow an interlocutory appeal when its order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

    For the reasons stated above, however, the Court finds no controlling issue of law as to which there is substantial ground for difference of opinion nor that immediate appeal from the July 6, 2006, order would advance the ultimate termination of the

litigation.  Accordingly, Tower's motion for an interlocutory appeal will be denied.


<u>August 16, 2006</u>                              <u>        /s/                </u>
Date                                         William D. Quarles, Jr.
                                             United States District Judge